**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRAYAN EMIL CALERO ROJAS,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER, et al.,<br><br>Respondents. | No. 1:26-cv-08839-JLT-EGC<br><br>A-Number: 232-738-966<br><br>ORDER GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS; DENYING THE MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT; AND ORDERING PETITIONER'S IMMEDIATE RELEASE<br><br>(Docs. 1, 2) |

## I. INTRODUCTION

Before the Court is Brayan Emil Calero Rojas' request for a temporary restraining order (Doc. 2), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) For the foregoing reasons, the Court **GRANTS** the petition for writ of habeas corpus.

## II. BACKGROUND

Petitioner is from Nicaragua. He entered the United States in August 2023, under Nicaraguan Humanitarian Parole. (Doc. 6 at 12.) Petitioner was issued a two-year parole until August 10, 2025. (*Id.*) Petitioner filed a Form I-589, Application for Asylum and there is no indication in the record that Petitioner has a criminal history or otherwise presents a flight risk or danger to the community. (*Id.*) Yet, on August 28, 2026, ICE officers arrested Petitioner

pursuant to a Form I-200 Warrant of Arrest following a traffic stop. (*Id.*; *see also* Form I-200 Warrant of Arrest, Doc. 6 at 7.) That same day, Petitioner was served with a Notice to Appear, charging him as removable pursuant to § 212(a)(6)(A)(i) of the Immigration and Nationality Act. (Doc. 6 at 16.) Petitioner is detained at the California City Detention Facility in California City, California. (Doc. 1 at 1.)

On October 27, 2026, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, arguing that his continued detention without a bond hearing violates his due process rights under the Fifth Amendment. (Doc. 1 at 2-3.) On November 3, 2026, Respondents filed a response to the habeas petition, asserting that Petitioner is detained pursuant to 8 U.S.C. § 1226(a), and is therefore only entitled to a custody redetermination hearing pursuant to 8 U.S.C. §1226(a) and its implementing regulations. (Doc. 6 at 1-4.)

## III. LEGAL STANDARD

Under 28 U.S.C. § 2241, the Court has the authority to determine a petition for writ of habeas corpus in which the petitioner asserts he is being held in custody "in violation of the Constitution or laws or treaties of the United States." "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Petitioner seeks his immediate release from custody, which he contends violates the Fifth Amendment Due Process Clause under the United States Constitution. (Doc. 1 at 2-3.) Thus, he properly invokes the Court's habeas jurisdiction.

The INA limits judicial review in many instances. Though 8 U.S.C § 1252(g) precludes this Court from exercising jurisdiction over the executive's decision to "commence proceedings, adjudicate cases, or execute removal orders against any alien," there is no removal order at issue here and the central issue is Petitioner's continued detention. Thus, this Court has the authority to review Petitioner's habeas petition. *See Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) (holding that § 1252(g) precludes judicial review only as to the three areas specifically outlined in the subsection); *Reno v. American–Arab Anti–Discrimination Comm.*, 525 U.S. 471, 482 (1999).

## IV. DISCUSSION

Respondents acknowledge that Petitioner is detained pursuant to 8 U.S.C. §1226(a). *See Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. July 30, 2026). Because Petitioner was previously released into the United States on parole, Petitioner possesses a protected interest in remaining at liberty while his removal proceedings are pending, "entitling him to certain due process protections, the extent of which are determined by applying the test provided in M*athews v. Eldridge*, 424 U.S. 319, 335 (1976)." *Thelusma v. Warden of the Golden State Annex Det. Facility*, No. 1:26-CV-01443-JLT-EPG-HC, 2026 WL 1162804, at *3 (E.D. Cal. Apr. 29, 2026), *report and recommendation adopted*, 2026 WL 2333529 (E.D. Cal. Aug. 12, 2026). This is because being released into the United States on humanitarian parole necessarily required a finding that Petitioner was not a danger to the community or a flight risk. 8 C.F.R. § 212.5(b). As such, the Court finds that Petitioner's detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment. *See M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT-SKO, 2025 WL 3265446, at *14 (E.D. Cal. Nov. 24, 2025) (finding detention of noncitizen whose humanitarian parole was revoked violated due process). As Petitioner has committed no crime nor violated the conditions of his parole, the Court find the appropriate remedy in this case to be immediate release. For the foregoing reasons, the Court **ORDERS:**

1. The petition for writ of habeas corpus, (Doc. 1), is **GRANTED** for the reasons stated in the orders cited above. Petitioner **SHALL** be **RELEASED IMMEDIATELY.**
2. The motion for temporary restraining order, (Doc. 2), is **DENIED** as **MOOT**.
3. Respondents are **ENJOINED** and **RESTRAINED** from re-detaining Petitioner unless the government provides notice to Petitioner a minimum of seven days in advance and holds a bond hearing before a neutral arbiter pursuant to section 1226(a) and applicable regulations, at which Petitioner's eligibility for bond must be considered, and where the government must demonstrate by clear and convincing evidence that Petitioner is a flight risk or danger to the community,

such that physical custody is legally justified[1];

3. The Clerk of Court is directed to serve the California City Detention Facility in California City, California, with a copy of this Order.

4. The Clerk of Court is directed to close this case. This Order resolves all pending motions.

IT IS SO ORDERED.

Dated: _November 9, 2026_

UNITED STATES DISTRICT JUDGE

[1] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here **SHALL** be provided within seven days of the arrest. Alternatively, if Petitioner becomes subject to a final order of removal and Petitioner receives notice of such order, Respondents may detain Petitioner for the sole and limited purpose of executing removal. In this event, Respondent's **SHALL** provide a bond hearing in the timeframe required by law.